**CLIMMIE CRAFT**         *       **NO. 2024-C-0616**

**VERSUS**             *

                      **COURT OF APPEAL**

**EAGLE, INC., ET AL.**     *

                      **FOURTH CIRCUIT**

                 *

                      **STATE OF LOUISIANA**

           **\* \* \* \* \* \* \***


ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-11586, DIVISION "B"
Honorable Marissa Hutabarat,
**\* \* \* \* \* \***
**Judge Karen K. Herman**
**\* \* \* \* \* \***
(Court composed of Judge Paula A. Brown, Judge Dale N. Atkins, Judge Karen K.
Herman)



Christopher C. Colley
Kristopher L. Thompson
Emily C. LaCerte
BARON & BUDD, P.C.
2600 Citiplace Drive, Suite 400
Baton Rouge, Louisiana 70808
And
909 Poydras Street, Suite 2100
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF-RELATOR

Leigh Ann Schell
Raymond P. Ward
Luke G. Lahaye
ADAMS & REESE, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

McCready L. Richeson
Lawrence G. Pugh
PUGH ACCARDO
1100 Poydras Street, Suite 3600
New Orleans, LA 70163

Kevin J. Lavie
Joseph E. Lee, III
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130


COUNSEL FOR DEFENDANTS-RESPONDENTS

**WRIT GRANTED; REVERSED AND REMANDED**
**SEPTEMBER 27, 2024**

KKH
PAB
DNA

Plaintiff, Climmie Craft ("Mrs. Craft"), seeks emergency supervisory review of the trial court's August 22, 2024 ruling,[1] which partially granted a *Daubert*[2] Motion *in Limine* to Exclude and/or Limit the Testimony of Plaintiff's Expert, Kenneth Garza ("Mr. Garza"), filed by Defendants, Ports America Gulfport Inc., and joined by Defendants, Certain Underwriters at Lloyd's London, Crowley Marine Services, Inc., and Hartford Accident and Indemnity Company. (collectively, "Defendants"). Mrs. Craft also seeks review of the trial court's September 25, 2024 judgment, which partially denied her Motion for Reconsideration of the August 22, 2024 ruling.

For the following reasons, we grant the writ application, reverse the trial court's rulings, and remand for further proceedings.[3]

---

[1] The record contains an unsigned judgment on the motion *in limine* as well as a separate signature page indicating that the judgment was signed on September 9, 2024.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

[3] As a preliminary matter, we note that Defendants raise an objection as to the timeliness of the motion to reconsider. Defendants contend that pursuant to La. C.C.P. art 1425(F)(2) the trial court was required to hold a hearing and render its decision on expert testimony no later than 30 days prior to trial. However, the trial court timely heard and ruled on the expert testimony on August 22, 2024 under La. C.C.P. art. 1425(F)(2). Moreover, Defendants did not raise the

1

**FACTUAL AND PROCEEDURAL HISTORY**

Mrs. Craft filed suit in this matter asserting that she contracted asbestos-related lung cancer as a consequence of her household exposure ("take-home") to asbestos while laundering the asbestos-contaminated clothing of her husband, Jerry Craft ("Mr. Craft"). Mrs. Craft alleges that her husband was exposed to asbestos while employed by various stevedoring companies, including Defendants. Mr. Craft died from asbestos-related mesothelioma.

To demonstrate that her household exposure to asbestos and her husband's workplace exposure to asbestos was substantial and significantly above background levels, Mrs. Craft offered the expert opinion of Mr. Garza, a Certified Industrial Hygienist. Mr. Garza has rendered an opinion that Mr. Craft suffered significant occupational exposures to asbestos while employed by Defendants and that Mrs. Craft suffered significant household exposures to asbestos while laundering her husband's work clothing.[4]

Defendants filed motions *in limine* seeking to exclude and/or limit the testimony of Mr. Garza. Defendants argued therein that Mr. Garza's opinion is based on insufficient facts and data.

The trial court granted Defendants' motion, in part, precluding Mr. Garza "from offering testimony regarding the asbestos exposures by Jerry Craft and/or Climmie Craft. The Court will allow Kenneth Garza to testify about general

---

timeliness of the motion to reconsider under La. C.C.P. art. 1425(F)(2) in the opposition filed in the trial court. Accordingly, we do not find this argument persuasive.

[4] In his April 11, 2024 report, Mr. Garza indicated that he "provided estimated exposure rates to both Mr. Craft and Mrs. Craft based on the exposure evidence in this case and the relevant epidemiological studies, and based on this, opined to a reasonable degree of scientific certainty that 'Ms. Climmie Craft had exposures above background that increased her risk for [asbestos-related] disease.' "

industrial opinions, only." Following the denial of Mrs. Craft's Motion for Reconsideration as to Mr. Garza, this writ application followed.

**LAW & DISCUSSION**

Mrs. Craft argues that the trial court erred in prohibiting Mr. Garza from testifying that her husband's exposures to asbestos while employed by each Defendant were significant and above background, and that her "take-home" asbestos exposures from her husband's employment by each Defendant were significant and above background. Mrs. Craft claims that Mr. Garza has sufficiently testified as to the frequency Mr. Craft was exposed to asbestos because of the work he performed for each Defendant.

"Under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and adopted by our Louisiana Supreme Court in *State v. Foret*, 628 So.2d 1116, 1122 (La. 1993), the trial court is required to perform a 'gatekeeping' function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Allen v. Eagle Inc.*, 2022-0386, 0387, p. 9 (La. App. 4 Cir. 8/10/22), 346 So.3d 808, 814-15, *writ denied*, 2022-01373 (La. 11/16/22), 349 So.3d 998 (quoting *Versluis v. Gulf Coast Transit Co.*, 2008-0729, p. 5 (La. App. 4 Cir. 7/29/09), 17 So.3d 459, 463.

La. C.E. art. 702(A) addresses the standard for admissibility of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if the proponent demonstrates to the court that it
> is more likely than not that:

3

(1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(2) The testimony is based on sufficient facts or data;

(3) The testimony is the product of reliable principles and methods; and

(4) The expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

This Court in *Allen*, 2022-0386, p. 9, 346 So.3d at 815, recognized that the character of the evidence upon which an expert bases his opinion affects only the weight to be afforded to the expert's testimony and does not make his opinion evidence inadmissible pursuant to *Daubert*. This Court stated:

> The [Louisiana] Supreme Court, in *Certain Underwriters at Lloyd's London v. United States Steel Corp.*, 20[19]-1730, p. 3 (La. 1/28/20), 288 So.3d 120, 122, (quoting *Lafayette City-Parish Consol. Gov't v. Person*, [20]12-0307, p. 8 (La. 10/16/12), 100 So.3d 293, 298), found that an "expert may provide testimony based on information obtained from others, and the character of the evidence upon which the expert bases an opinion affects only the weight to be afforded the expert's conclusion." *See also MSOF Corp. v. Exxon Corp.*, [20]04-0988, p. 16 (La. App. 1 Cir. 12/22/05), 934 So.2d 708, 720 (wherein the First Circuit held that "the character of the evidence upon which the expert bases an opinion affects only the weight to be afforded the expert's conclusion ... and may serve as a basis for attack by defendants on cross-examination at trial, but it does not make his opinion evidence inadmissible under *Daubert*.").

*Id.*

Based on the record before us, we find that the evidence upon which Mr. Garza based his opinion affects only the weight afforded Mr. Garza's conclusions.[5]

Therefore, Mr. Garza's evidence and testimony should be weighed by the jury.

Accordingly, Mrs. Craft's writ application is granted. Further, we reverse the trial

---

[5] Mr. Garza stated in his report that his review of case specific information included: "Deposition of Climmie Craft, dated December 8, 2023; Deposition of Jerry Craft, dated November 10, 2006; Deposition of Jerry Craft, dated January 23, 2017; Discovery Deposition of Jerry Craft, dated July 19, 2017; and/or other case-specific information."

court's rulings, which found that Mr. Garza would be limited to offering only general industrial hygiene opinions at trial and denied the motion to reconsider in part. The matter is remanded to the trial court for further proceedings.


**WRIT GRANTED; REVERSED AND REMANDED**